# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11206

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2014

Lyle W. Cayce
Clerk

CHARLES HIGGINS, II,

Plaintiff-Appellant

v.

MICHELL PHILLIP, Warden, Dawson State Jail; ROLANDA WINFIELD, Warden, Dawson State Jail; NFN GOOD, L.V.N.; ROY REID, Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2877

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charles Higgins, II, Texas prisoner # 1710764, seeks our authorization to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous. By his IFP motion in this court, Higgins questions the district court's denial of IFP status and certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11206

In his motions and brief, Higgins fails to provide either argument or authorities to show that the district court erred in determining that his complaint failed to state a claim and was frivolous; he merely offers a conclusory assertion that he is entitled to redress.  He does not challenge the district court's reasons for denying § 1983 relief and does not address the question whether his § 1983 claims "involve[ ] legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  Higgins has thus abandoned any challenge to the dismissal of his complaint and the certification that his appeal is not taken in good faith.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(8).  As Higgins has not shown that his appeal has merit, we may dismiss it as frivolous sua sponte.  *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

The dismissal of Higgins's complaint by the district court and the dismissal of this appeal as frivolous, count as two strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Higgins is cautioned that if he accumulates three strikes he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

Higgins's motions to proceed IFP and to have counsel appointed are DENIED, and the appeal is DISMISSED as frivolous.